IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| TONY C. BROACH, #136351,  ) | |
| ) | |
| Plaintiff,  ) | |
| ) | |
| v.  ) | CIVIL ACTION NO. 2:12-CV-243-TMH |
| ) | [WO] |
| ) | |
| ROBERT BENTLEY, et al.,  ) | |
| ) | |
| Defendants.  ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Tony C. Broach, a state inmate confined at the Fountain Correctional Facility, filed this 42 U.S.C. § 1983 action seeking injunctive relief from alleged overcrowded conditions in the Alabama prison system. Upon review of the initial pleading, the court determined it necessary that Broach file an amended complaint and issued an order containing detailed instructions with respect to filing of the amended complaint. *Order of March 21, 2012 - Doc. No. 3*. Specifically, the court advised Braoch he could not litigate claims on behalf of other inmates nor could he base his claims on prior orders issued by this court. *Id*. at 1-2. This order also advised Broach he must "name[] as defendants those individuals personally responsible for the alleged denial of his constitutional rights with respect to [his current] conditions of confinement" and required that in describing the alleged constitutional violations "he must present a short an plaint statement of each claim showing why he is entitled to relief which 'give[s] the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Id*. at 2-3. In addition, Broach likewise failed to pay the requisite filing or seek leave to proceed *in forma pauperis* upon initiation of this case. The court therefore entered an order allowing him an opportunity to correct this deficiency. *Order of March 21, 2012 - Doc. No. 4*.

In each of the aforementioned orders, the court specifically cautioned Broach that his failure

to respond would result in the dismissal of this case. Responses to the orders were due from Broach on or before April 5, 2012. As of the present date, Broach has filed neither an amended complaint or the necessary financial information regarding payment of the filing fee. Consequently, the court concludes this case is due to be dismissed.

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed without prejudice for failure of the plaintiff to file responses in accordance with the directives of the orders entered in this case. It is further

ORDERED that on or May 3, 2012 the plaintiff may file objections to the Recommendation. Any objection must specifically identify the findings in the Recommendation objected to. Frivolous, conclusive or general objections will not be considered by the District Court. The plaintiff is advised that this Recommendation is not a final order of the court and, therefore, it is not appealable. Failure to file written objections to the proposed findings in the Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, en banc), adopting as binding precedent all decisions of the former Fifth Circuit issued prior to September 30, 1981.

Done this 18th day of April, 2012.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE